# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number _____

David W. Savage,

      Plaintiff,

v.

Premier Members Federal Credit Union,
Equifax Information Services, LLC

      Defendants.

---

## COMPLAINT

---

1. This court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681, the Fair Credit Reporting Act (FCRA).

2. Plaintiff is an individual person who resides in Westminster, CO.

3. Plaintiff is a "consumer" as defined in the FCRA.

4. Equifax Information Services, LLC (Equifax) is a Georgia limited liability company located in Atlanta, GA.

5. Equifax is a "consumer reporting agency" as defined in the FCRA.

6. Premier Members Federal Credit Union (Premier) is located at 5495 Arapahoe Avenue, Boulder, CO 80303.

7. Premier is a "furnisher" as defined in the FCRA.

8. When Premier furnishes information to Equifax, Premier does so using the name "IBM Rocky Mountain EFCU."

9. On information and belief, Premier used to be called "IBM Rocky Mountain EFCU."

10. In 2007, Plaintiff filed a voluntary Chapter 13 bankruptcy, case number 07-12132-MER in the District of Colorado.

11. Prior to his bankruptcy filing, Plaintiff had two automobile loans through Premier.

12. Plaintiff included both automobile loans with Premier in his Chapter 13 bankruptcy plan, and both loans were discharged in Plaintiff's Chapter 13 bankruptcy proceeding.

13. After Plaintiff received his bankruptcy discharge, Defendant Premier began reporting false and inaccurate information on plaintiff's credit report.

14. Specifically, Premier was reporting that plaintiff still owed a balance on the two automobile loans that were discharged in bankruptcy.  This is false, inaccurate, and misleading because the correct way to report a debt that has been discharged in bankruptcy is "balance = $0."  Instead, Premier was reporting that Plaintiff owed balances of $538 and $439.

15. Premier was also reporting the Plaintiff's status as "collections" which was false, inaccurate, and misleading because the correct way to report a debt that has been discharged in bankruptcy is "status = discharged in bankruptcy."  Instead, Premier was reporting that Plaintiff was in active collections status.

16. Premier was also reporting that Plaintiff's two automobile loans were "charged off" which was inaccurate, false, and misleading because the correct way to report a debt that has been discharged in bankruptcy is "discharged in bankruptcy" rather than charge off.

17. Throughout 2014, Plaintiff made several disputes with Defendant Equifax and Experian and Trans Union via phone, mail, and online regarding the inaccuracies of the Premier automobile loans.

18. On information and belief, Equifax sent notice of Plaintiff's disputes to Premier as required by the FCRA.  Alternatively, Plaintiff alleges that Equifax failed to send notice of Plaintiff's disputes to Premier as required by the FCRA.

19. Equifax wrote back to Plaintiff no less than four times regarding the Plaintiff's disputes of the Premier accounts, and each time Equifax responded that it had "verified" that the accounts were being reported as correct, which was false, misleading and inaccurate.

20. Experian and Trans Union agreed with the Plaintiff's disputes and corrected the Plaintiff's credit report, but Defendant Equifax refused to correct the false information, and continued with its false credit reporting about the Plaintiff.

21. As of September 9, 2014, Plaintiff's Experian score was 774 (Excellent), Plaintiff's Trans Union score was 736 (Excellent), and Plaintiff's Equifax score was 684.

22. The reason that Plaintiff's Equifax score was so much lower than the Experian and Trans Union scores is because of the inaccurate Premier auto loans.  Premier and Equifax's actions of reporting the discharged loans as having an open balance, being charged off, and being in collections has reduced the Plaintiff's Equifax credit score.

## COUNT I, FAIR CREDIT REPORTING ACT
### (Against Equifax)

23. Plaintiff re-alleges and incorporates the above allegations above as if fully setout herein.

24. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to ensure maximum possible accuracy of information in Plaintiff's credit reports and file.

25. Defendant Equifax violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation into Plaintiff's disputes regarding the Premier tradelines, failing to delete the inaccurate Premier information from Plaintiff's credit file, failing to send all relevant information regarding the Premier disputes to the furnisher, failing to review and consider all relevant information supplied by Plaintiff in the Premier disputes, and failing to promptly delete the inaccurate Premier information.

26. Defendant Equifax's violations of the FCRA were willful entitling the Plaintiff to punitive damages and statutory damages of $1,000.  Alternatively, Defendant Equifax's violations of the FCRA were negligent.

27. Defendant Equifax's violations of the FCRA caused the Plaintiff actual damages, including but not limited to: reduction in credit score, damage to reputation, inconvenience, lost credit opportunities, emotional distress, postage, and copying fees.

28. Plaintiff also seeks attorney fees and costs pursuant to the FCRA against Defendant Equifax if Plaintiff is successful on his FCRA claims.

## COUNT II, FAIR CREDIT REPORTING ACT
### (Against Defendant Premier)

29. Plaintiff re-alleges and incorporates the above allegations above as if fully setout herein.

30. Defendant Premier violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation into plaintiff's dispute and by failing to delete the inaccurate information it was reporting about Plaintiff.

31. Defendant Premier's violations of the FCRA were willful entitling the Plaintiff to punitive damages and statutory damages of $1,000.  Alternatively, Defendant Premier's violations of the FCRA were negligent.

32. Defendant Premier's violations of the FCRA caused the Plaintiff actual damages, including but not limited to: reduction in credit score, damage to reputation, inconvenience, lost credit opportunities, emotional distress, postage, and copying fees.

33. Plaintiff also seeks attorney fees and costs pursuant to the FCRA against Defendant Premier if Plaintiff is successful on his FCRA claims.

### COUNT III, DEFAMATION
### (Against Premier Only)

34. Plaintiff re-alleges and incorporates the above allegations above as if fully setout herein.

35. Each month since January 2014 to the present, Defendant Premier made defamatory statements about the Plaintiff, specifically that Plaintiff still had a balance due and owing on the two automobile loans, that Plaintiff's accounts were in collection status, and that Plaintiff's accounts were charged off.

36. Defendant Premier's defamatory statements about the Plaintiff were published in Plaintiff's credit reports, which were viewed by creditors and other third parties who accessed Plaintiff's credit file.

37. Defendant Premier's defamatory statements about the Plaintiff were made with malice, with actual knowledge of their falsity or with reckless disregard for the truth of the matter.

38. Defendant Premier's defamatory statements about the Plaintiff caused the Plaintiff actual damages, including but not limited to: reduction in credit score, damage to reputation, inconvenience, lost credit opportunities, emotional distress, postage, and copying fees.

WHEREFORE, Plaintiff prays for the following relief:

a. Actual damages to be determined at trial;

b. Punitive damages to be determined at trial;

c. Attorney fees and costs pursuant to the FCRA;

d. $1,000 in statutory damages pursuant to the FCRA;

e. For an order directing both Defendants to correct Plaintiff's credit reports;

f. For such other relief as may be proper.


s/ Matthew R. Osborne #40835
10465 Melody Dr, Ste 325
Northglenn, CO 80234
Phone Number: 303-759-7018
E-mail: matt@mrosbornelawpc.com

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES**.